McGREEVY v. GREGG et al

Ohio Appeals, 6th Dist., Lucas Co.

No. 1683. Decided June 14, 1926

163. BONA FIDE PURCHASERS—Where assignee of a land contract has knowledge of printed portions of such contracts providing for interest, and is experienced in real estate transactions, he is not entitled to the protection of a bona fide purchaser without notice when he purchases a contract in which parties omit provisions for interest.

RICHARDS, J.

This action was brought in the Lucas Common Pleas by Catherine McGreevy against William Gregg et al. to reform a land contract by which McGreevy agreed to sell certain real estate to Gregg. The price named was $1800, $300 to be paid in cash and the remainder to be paid in monthly installments of "twenty or more dollars per month."

Soon after the contract was executed Gregg assigned his interest to Moses Bloch. McGreevy claimed that the deferred payments were to draw 6%, payable monthly. The original parties to the contract agreed that there was a mistake in omitting the provision for interest when the contract was drawn up.

The case was taken up on appeal and Bloch, the assignee, claimed that he is an innocent purchaser of the contract for value, having no knowledge of the agreement that it was to draw interest. The Court of Appeals held:

1. Mr. Bloch being a man of wide experience in real estate transactions of this character, it certainly must challenge his attention that this contract was to run about six years without payment of interest.

2. No doubt exists that the contract can be reformed as against the original purchaser, Gregg.

3. The printed portions of the contract provide that all installments shall become due if not paid when due "or the interest accrued thereon"; and that the purchaser shall "pay the full purchase price aforesaid with interest."

4. In view of these provisions in the printed portions of the contract regarding interest, and known to the assignee, he is not entitled to the protection of a bona fide purchaser for value without notice.

Decree for McGreevy.

Attorneys—H. T. Towe for McGreevy; W. B. Gregg and Conn & Holloway for Gregg et; all of Toledo.